### TWELFTH WARD BANK OF CITY OF NEW YORK v. COHEN et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

**1. APPEAL—THEORY OF CASE BELOW.**

Judgment for defendant in an action for fraudulent representations in procuring discount of a note will not be reversed, though a representation made by him when a prior note was discounted was a continuing one, so that, had plaintiff sued on this theory, he might have recovered; the complaint having alleged that, when the second note was discounted, defendant represented that the prior statement continued to truly state the financial condition of the maker of the note, and that there had been no change in such condition, and that by reason of his representation the note was discounted, and conflicting evidence as to such second representations having been introduced, and the court, with the acquiescence of plaintiff, having charged that verdict could be for plaintiff only if defendant made the second representation.

Appeal from Trial Term, New York County.

Action by the Twelfth Ward Bank of the City of New York against Samuel Cohen and another. From a judgment on a verdict for defendants, and from an order denying plaintiff's motion for a new trial, it appeals. Affirmed.

See 71 N. Y. Supp. 1150.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Joseph E. Bullen, for appellant.
Abraham I. Spiro, for respondents.

HATCH, J. This action was brought to recover damages alleged to have been sustained by the plaintiff on account of the fraudulent representations made by the defendants in procuring the discount of a note. The defendants were partners conducting business on Third avenue, in the city of New York. In August, 1899, Samuel Cohen, the senior member of the firm, applied to the plaintiff's cashier for a loan of $500. The cashier required him to make a statement of the firm's financial responsibility, to be submitted to the plaintiff's board of directors. Thereupon the defendant made and signed the following statement:

"Confidential.

"Statement of S. Cohen & Bro.

"Made this 10th day of August, 1899.

| Assets | Liabilities |
|---|---|
| $12,000.00 | $1,000.00 |
| stock on hand. | on stock. |
| $12,000 | |
| Bal. in Bank | |
| $74.75 | |

"I consider ourselves worth at least $15,000.

"The above statement is made for the purpose of obtaining credit from Twelfth Ward Bank, New York City, and in consideration of the granting

of such credit to me by said bank, it is hereby agreed that in the event said Bank finds the foregoing statement untrue in any particular at any time, or in case of failure or insolvency of the undersigned, all loans and obligations of the undersigned held by the Bank shall become immediately due and payable, and I hereby further agree to nòtify the said Bank of any material change in above statement.

"[Sd.]                                                    S. Cohen & Bro.

"Sworn to before me this 11th day of Aug. 1899.

"Witness:                                              ·

"F. B. French, Notary Public, N. Y. C."

This statement was submitted to the board of directors, and it authorized Mr. French, the cashier, to discount the note. French saw Cohen and told him the bank would discount his paper on the strength of his statement, and that he would file the statement for future reference. The note matured early in November, and was paid. On November 13th, Cohen called again on the bank to discount two notes—one for $500 due in two months, and one for the same amount due in three months. French testified that he asked Cohen if his financial condition was the same as before, and Cohen said that it was about the same, and on the strength of this statement the notes were discounted. This conversation Cohen denied. The two-months note was paid, but the note for three months has never been paid. Prior to the time of its maturity, the firm of Cohen & Bro. sold out their store, squandered their money in gambling, and went into bankruptcy

It is claimed by the plaintiff that the written statement was a continuing representation; that the plaintiff was justified in relying upon it, and that it was therefore immaterial whether at the time of the discount of the last two notes the defendant reaffirmed such statement or not; and that in this view of the case, upon admitted facts, the fraud of the defendants was established, and the only question for the jury was one of damages sustained on account thereof. It is quite probable that the representation, in view of the fact that it was filed for future reference, was regarded by both of the parties as a continuing representation of the financial condition of defendants' firm. This question, however, we do not find it necessary to decide. The averment of the complaint upon this subject is that the defendants "falsely and fraudulently stated and represented to the plaintiff that a certain written statement theretofore made by them to the plaintiff for the purpose of obtaining a loan from the plaintiff was and continued to be a correct and true statement of the financial condition of said copartnership, and that there had been no change in the financial condition of the said copartnership since the date of the said statement," and that by reason of this representation the plaintiff was induced to discount the two notes. Upon this theory the plaintiff brought the action. It gave proof tending to establish that the defendants made the representations averred in the complaint when they presented the last two notes for discount. The defendants denied this testimony, claiming that they made no representation whatever. At the close of the trial the court charged the jury, in speaking of the defendants:

"They can only be bound if you shall find from the evidence, by that fair preponderance of credible evidence which I have laid down, that the defendant adopted and reaffirmed in November, for the purpose of getting this par-

ticular discount, the statement which he made in August, when in fact such statement did not then represent the true condition of affairs."

And the court further observed that upon this issue the testimony was conflicting. In this charge the plaintiff acquiesced. It appears, therefore, that by the pleadings, the evidence, and the submission of the case to the jury, the plaintiff tendered the issue, which was accepted by the defendants and the court, whether the defendants made the oral representation at the time of the discount of the last two notes. Upon this issue the case presented a question of fact; the plaintiff's cashier testifying that the representations were made, and the defendants denying that any were made. This issue excluded the written statement as a continuing representation of financial condition. The issue was one of fact, upon which the jury found in favor of the defendants. There is no basis, therefore, upon which their conclusion can be legally disturbed, as no error was committed upon the trial, on the theory upon which the case was tried.

The judgment and order should therefore be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.